**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORA NIKOLAKOPOULOS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br> -against-<br><br>DESTINATION XL GROUP, INC., CASUAL MALE RETAIL STORE, LLC;<br><br>     Defendants. | No. 23 Civ. 2026<br><br>CLASS ACTION COMPLAINT |

  Theodora Nikolakopoulos ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

  1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated manual positions such as sales associates and tailors (collectively, "Manual Workers") who work or have worked for Destination XL Group, Inc. and/or Causal Male Retail Store, LLC ("DXL" or "Defendant") in New York State.

  2. At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers in New York on a bi-weekly basis.

  3. Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers in New York their wages within seven calendar days after the end of the

1

week in which these wages were earned.

4. In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

5. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

6. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

7. Plaintiff brings this action on behalf of herself and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

### Plaintiff

**Theodora Nikolakopoulos**

8. Theodora Nikolakopoulos ("Nikolakopoulos") is an adult individual who is a resident of New Jersey.

9. Nikolakopoulos was employed by DXL as a Manual Worker from on or about April 13, 2014 through December 8, 2019 in Staten Island.

10. Nikolakopoulos is a covered employee within the meaning of the NYLL.

**Defendants**

**Destination XL Group, Inc.**

11. Destination XL Group, Inc. is a foreign business corporation organized and existing under the laws of Delaware.

12. Destination XL Group, Inc.'s principal executive office is located at 555 Turnpike Street, Canton, MA 02021.

13. Destination XL Group, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14. Destination XL Group, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15. Destination XL Group, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

**Casual Male Retail Store, LLC**

16. Casual Male Retail Store, LLC is a foreign business corporation organized and existing under the laws of Delaware.

17. Casual Male Retail Store, LLC's principal executive office is located at 555 Turnpike Street, Canton, MA 02021.

18. Casual Male Retail Store, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19. Casual Male Retail Store, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment

practices that applied to them.

20. Casual Male Retail Store, LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendants.

22. There are over 100 members in the proposed class.

23. Defendants are subject to personal jurisdiction in New York.

24. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Destination XL Group, Inc. and/or Casual Male Retail Store, LLC between July 31, 2016[1] and the date of final judgment in this matter (the "New York Class").

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

4

26. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than fifty members of the New York Class.

28. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

29. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

30. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

31. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following: whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Theodora Nikolakopoulos**

35. Nikolakopoulos was employed for DXL as a tailor from approximately April 13, 2014 until approximately December 8, 2019.

36. During Nikolakopoulos's employment, she spent over twenty-five percent of her worktime each week performing physical tasks, including but not limited to taking measurements and pinning and hemming garments for alteration.

37. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Nikolakopoulos has been compensated by Defendants on a bi-weekly basis.

38. As a result of Defendants' untimely wage payments, Nikolakopoulos was underpaid for the first seven days of each bi-weekly pay period, and thus Defendants paid Nikolakopoulos on an untimely basis.

39. For example, for the period beginning on February 25, 2018 through March 10, 2018, Nikolakopoulos was paid her lawfully earned wages on March 16, 2018. *See* Exhibit A.

40. During the week of February 25, 2018 through March 3, 2018, Nikolakopoulos spent over 25% (over 7.5 hours) of her time working performing the aforementioned manual tasks.

41. As such, Defendants failed to pay Nikolakopoulos her wages earned from February 25, 2018 through March 3, 2018 by March 10, 2018 as required by NYLL § 191(1)(a).

42. As a result of Defendants' untimely wage payments, Nikolakopoulos was underpaid for the period of February 25, 2018 to March 3, 2018, and for every corresponding period where Defendants paid Nikolakopoulos on an untimely basis.

43. Moreover, Nikolakopoulos was denied the time-value of her money by Defendants' underpayments. Nikolakopoulos was unable to invest, save, or purchase utilizing the wages she earned and was owed by March 10, 2018, and all other similarly underpaid workweeks.

44. Nikolakopoulos was similarly underpaid for every workweek that she was paid his lawfully earned wages after more than seven days within the time she completed her work.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiff and the New York Class)**

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

47. Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

48. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons,

respectfully request that this Court grant the following relief:

    A.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    B.    Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

    C.    Liquidated damages permitted by law pursuant to the NYLL.

    D.    Prejudgment and post-judgment interest;

    E.    Reasonable attorneys' fees and costs of the action; and

    F.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       March 16, 2023

                                        Respectfully submitted,

                                        */s/ Brian S. Schaffer*
                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        Dana M. Cimera
                                        28 Liberty Street, 30th Floor
                                        New York, New York 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiff and*
                                        *the Putative Class*